
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RONALD E. HANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 17-4023 |
| ) | |
| GREG MCCLINTOK, *et al.* ) | |
| ) | |
| Defendants. ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Dixon Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional violations related to the prosecution of the crime for which he was ultimately convicted. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

Plaintiff alleges that, in April 2009, he was detained at gun point without a legal basis at the direction of Defendant Edwards, the Warren County Sheriff. During this seizure, Plaintiff alleges he suffered emotional distress after several police officers failed to follow proper gun safety protocol. Plaintiff alleges that Defendant Raymond, the lead detective, ordered the removal of Plaintiff's guns.

Then, in July 2009, Plaintiff alleges that a judge ordered that he give all his guns (valued at over $100,000) to his ex-wife. Plaintiff alleges his ex-wife then sold the guns to Defendant Johnson, an attorney Plaintiff later hired in his criminal case, at a fraction of the price. Plaintiff alleges he received nothing from this sale. Plaintiff does not disclose whether the court order is related to his criminal case.

Plaintiff alleges next that he was prosecuted illegally. When Defendant Johnson unexpectedly withdrew his representation, Plaintiff alleges that Defendant Cavanaugh, the presiding judge, did not allow him an opportunity to hire new counsel. Plaintiff also alleges that Defendant Algren, an attorney whom Plaintiff had known for 40 years, improperly remained on the case as the prosecuting attorney.

Plaintiff also names another judge, Defendant McClintok, but he does not make any specific allegations against him in his complaint. In an affidavit attached to the complaint, Plaintiff alleges that Defendant McClintok grew up in the same community and "used to swap out his car for my motorcycle on weekends so that his father would not discover our behavior."

## ANALYSIS

Prosecutors are entitled to absolute immunity when they are performing functions…'intimately associated with the judicial phase of the criminal process.'" *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)). Likewise, judges are entitled to absolute immunity for any judicial functions. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). For these reasons, Plaintiff cannot pursue federal claims against Defendants Cavanaugh or Algren, or against the unnamed judge who ordered the surrender of his gun collection.

Plaintiff does not provide the reasons Defendant Johnson withdrew his representation, but private lawyers are not state actors for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Walton v. Neslund*, 248 Fed. Appx. 733, 733 (7th Cir. 2007) (private lawyers are not state actors when the lawyer "performs the traditional function of counsel to a defendant in a criminal case.") (unpublished decision). Therefore, Plaintiff cannot proceed against Defendant Johnson.

The only remaining claim is time-barred. The applicable statute of limitations for § 1983 actions in Illinois is two years. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). A claim under § 1983 accrues—that is, the clock starts running—when "the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). In making the determination of when the claim has accrued, a court must first identify the injury, and, then, determine when a plaintiff could have filed suit. *Id.*

Plaintiff alleges he "was detained without a cause of action" in April 2009. The Court interprets these allegations as a claim that Plaintiff was arrested without probable cause in violation of the Fourth Amendment. *See Manuel v. City of Joliet*, --- S. Ct. ---, 2017 WL 1050976, at *5 (2017) (Fourth Amendment establishes the minimum constitutional standards and procedures for arrest and ensuing detention). "When a person's Fourth Amendment rights have been violated by a false arrest, the injury occurs at the time of arrest." *Wallace v. City of Chicago*, 440 F.3d 421, 425 (7th Cir. 2006). Thus, Plaintiff's false arrest claim accrued at that time. *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Plaintiff waited more than seven (7) years to initiate this lawsuit, and, therefore, his claims are barred by the statute of limitations.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint**

would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 31st day of March, 2017.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE